In the Matter of the Arbitration between RIVERDALE FABRICS CORP., Appellant, and TILLINGHAST-STILES COMPANY, Respondent.— Motion referred to the court that rendered the decision. Present — Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. In this proceeding to stay a proposed arbitration, this court, on February 2, 1953, reversed an order dismissing the petition and directing that the controversy proceed to arbitration, and granted the application for a stay (*ante,* p. 831), in reliance on *Matter of Level Export Corp.* (*Wolz, Aiken & Co.*) (280 App. Div. 211) and other cited authority.

Thereafter, the Court of Appeals reversed the determination in the *Level Export Corp.* case (*supra*), in view of which the respondent in the instant proceeding has moved this court for reargument. Motion for reargument granted. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. On reargument, the decision handed down February 2, 1953, is amended to read as follows: In a proceeding to stay a proposed arbitration, petitioner appeals from an order dismissing the petition and directing that the controversy proceed to arbitration. Order affirmed, with $10 costs and disbursements, on the authority of *Matter of Level Export Corp.* (*Wolz, Aiken & Co.*) (305 N. Y. 82). Wenzel, MacCrate and Schmidt, JJ., concur; Adel, Acting P. J., and Beldock, J., dissent and vote to adhere to the former decision, with the following memorandum: The scant general statement in the contract here that it is subject to certain " Cotton Yarn Rules " is substantially different from the full and explicit statement in the contract in the case recently decided by the Court of Appeals (*Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 305 N. Y. 82). Such scant general statement in the contract here necessarily presents a question of fact (a) as to whether the buyer, at the time of the making of the contract, had knowledge or is chargeable with knowledge of the provisions of the " Cotton Yarn Rules " and of the fact that they compelled arbitration, and (b) as to whether the buyer had agreed to consent to arbitration.